IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPHINE WADE SMITH and RUPERT SMITH, | ) ) ) | |
| Plaintiffs, | ) ) | No.14 CV 5704 |
| vs. | ) ) | Judge Ellis |
| CSX TRANSPORTATION, INC., | ) ) ) | Magistrate Judge Valdez |
| Defendant. | ) ) | |

**DEFENDANT CSX TRANSPORTATION, INC'S**
**MOTION TO COMPEL AND TO EXTEND DISCOVERY**

Defendant CSX Transportation, Inc. ("CSXT"), by its attorneys, Sean M. Sullivan and Kathryn Doi of Daley Mohan Groble, P.C., respectfully requests that this Court issue an order: 1) compelling Plaintiffs to set firm dates for their depositions; 2) compelling Plaintiffs to execute health authorizations for purposes of obtaining their medical records; and 3) granting a brief unopposed extension for the parties up to and including February 1, 2016, in order to fully complete fact discovery in this matter. In support of this motion, Defendant CSXT states as follows:

1. Plaintiffs' Complaint alleges that Plaintiffs suffered property damage as a result of the manner in which CSXT has operated its locomotives and trains – specifically the times and locations at which it has parked those locomotives and trains on tracks adjacent to or near Plaintiffs' property. Plaintiffs also allege that they have suffered certain medical ailments as a result of decades of vibrations from CSXT's locomotives. Furthermore, Plaintiffs allege the long-term vibration effects of the idling locomotives "exacerbated" damage caused by the derailment of a locomotive which Plaintiffs claim occurred near their property on September 2,

2012.  CSXT's position is that: (1) claims for property damage or injury arising out of the parking or idling of locomotives/trains are preempted under federal law; and (2) the September 2, 2012 derailment did not cause any property damage or injury to Plaintiffs.

2. Both parties have exchanged and answered written discovery.  Defendant CSXT issued a notice of deposition for both Plaintiffs in September of 2015.  Those depositions did not proceed due to the Plaintiffs' unavailability.  Counsel for CSXT has communicated several times with Plaintiffs' counsel to obtain dates upon which Plaintiffs may be presented for their depositions. To date, Plaintiffs' counsel has not provided CSXT with any firm dates upon which Plaintiffs may be deposed, and moreover, has indicated that Plaintiffs may not be medically available for such depositions.

3. In addition to the outstanding request to depose Plaintiffs, attached to CSXT's Request for Production to Plaintiffs were two HIPAA authorizations for the release of health information for each Plaintiff to sign.  To date, Defendant CSXT has not received the executed health authorizations back from either of Plaintiffs, which are necessary to obtain the medical records for each Plaintiff with regard to their claims of damages related to their health.

4. After review of Plaintiffs' answers to CSXT's discovery and the documents they produced, Defendant CSXT anticipates that it will take depositions of Plaintiffs and their medical providers, who are undetermined at this time.  Plaintiffs have disclosed property inspection reports prepared by two different engineering firms – one apparently hired by Plaintiffs and the other apparently hired by Plaintiffs' property insurer (Farmers Insurance).  CSXT plans to take the depositions of several individuals employed by those engineering firms.  The extent of any additional deposition subpoenas, records subpoenas or written discovery that may arise subsequent to these depositions is unknown at this time.

5.     Fact discovery currently closes in this matter on November 13, 2015. In light of the foregoing issues, CSXT respectfully requests a brief extension of time to and including February 1, 2016 for the parties to complete fact discovery in this matter. This date accommodates the scheduling issues surrounding the November and December holidays, and the appearing attorneys' current trial schedules.

6.     Defendant CSXT files this motion in good faith and not for the purpose of improper delay, and no party will suffer any prejudice by the granting of this motion. Furthermore, Plaintiff's counsel indicated to the undersigned that he will not oppose an extension of time to complete fact discovery.

WHEREFORE, Defendant CSX Transportation, Inc. respectfully requests the Court to issue an order: 1) granting Defendant's motion to compel Plaintiffs' depositions on firm dates within a reasonable time; 2) granting Defendant's motion to compel execution of the health authorizations for the release of Plaintiffs' medical records; and 3) granting an extension of time for the parties to complete fact discovery up to and including February 1, 2016, and such other relief that this Court deems appropriate.

Respectfully submitted,

CSX TRANSPORTATION, INC.

By:/s/   Kathryn M. Doi
    KATHRYN M. DOI
    ARDC No. 6274825

Sean M. Sullivan
Kathryn M. Doi
DALEY MOHAN GROBLE, P.C.
55 West Monroe Street, Suite 1600
Chicago, IL 60603
(312) 422-9999